UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN BLUM, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANAVEX LIFE SCIENCES CORPORATION and CHRISTOPHER U. MISSLING,<br><br>Defendants. | Case No.: 1:24-cv-01910<br><br>CLASS ACTION |
| KENNETH DOWNING, Individually and on behalf of All Others Similarly Situated,<br>Plaintiff,<br><br>v.<br><br>ANAVEX LIFE SCIENCES CORPORATION and CHRISTOPHER U. MISSLING,<br><br>Defendants. | Case No.: 1:24-cv-03529<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF KENNETH DOWNING FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT ............................................................................................................................. 6

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................ 6

II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 6

    A. The PSLRA Standard For Appointing Lead Plaintiff ............................................. 7

    B. Movant Is The "Most Adequate Plaintiff" .............................................................. 8

        1. Movant's Motion Is Timely ........................................................................ 8

        2. Movant Has A Substantial Financial Interest .............................................. 8

        3. Movant Satisfies Rule 23's Typicality And Adequacy Requirements ........ 9

            a. Movant's Claims Are Typical Of Those Of The Class ................. 10

            b. Movant Satisfies The Adequacy Requirement Of Rule 23 ........... 10

III. MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ..................... 12

CONCLUSION ......................................................................................................................... 13

## TABLE OF AUTHORITIES

Cases                                                                                                                      Page(s)

*Bishins v. CleanSpark, Inc.*,
 No. 21-cv-511 (LAP), 2021 WL 5741574 n.2 (S.D.N.Y. Dec. 2, 2021) ................................... 9

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
 269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................. 12

*Denny v. Canaan, Inc.*,
 Case No. 21-cv-3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) ............................... 8

*Faig v. Bioscrip, Inc.*,
 Case No. 13-cv-06922-AJN, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ........................... 10

*Gilbert v. Azure Power Glob. Ltd.*,
 No. 1:22-cv-7432 (GHW), 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) ............................... 9

*In re eSpeed, Inc. Sec. Litig.*,
 232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................... 11

*In re Fuwei Films Sec. Litig.*,
 247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................... 9

*In re Initial Public Offering Sec. Litig.*,
 214 F.R.D. 117 (S.D.N.Y. 2002) ............................................................................................. 11

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................... 9

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
 Case No. 16-CV-02758-PKC, 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ........................... 9

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990) .................................................................................................... 6

*Kemp v. Universal Am. Fin. Corp.*,
 Case No. 05-CV-9883-JFK, 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ............................... 8

*Kux-Kardos v. VimpelCom, Ltd.*,
 151 F. Supp. 3d 471 (S.D.N.Y. 2016) ....................................................................................... 9

*Lax v. First Merchs. Acceptance Corp.*, Case,
 No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................... 9

*Lucas v. United States Oil Fund, LP*,
 No. 20-cv-4740 (PGG), 2020 WL 5549719 (S.D.N.Y. Sept. 16, 2020) ................................... 4

*Micholle v. Ophthotech Corp.*,
    Case No. 17-cv-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) .......................... 8, 10

*Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ................................................................................................ 6

*Ragan v. AppHarvest, Inc.*,
    No. 21-cv-7985 (LJL), 2021 WL 5909116 (S.D.N.Y. Dec. 13, 2021) ........................................ 3

*Randall v. Fifth St. Fin. Corp.*,
    Case No. 15-CV-7759-LAK, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ................................... 9

*Richman v. Goldman Sachs Grp.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) ................................................................................................ 9

*Silverberg v. Dryships Inc.*,
    Case No. 17-cv-4547, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ....................................... 9

Statutes

15 U.S.C. § 78u-4(a)(1) .................................................................................................................. 7
15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................................................... 7, 8
15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 1, 7
15 U.S.C. § 78u-4(a)(3)(B)(i) ..................................................................................................... 2, 7
15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................... 8, 9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................ 8, 11
15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................. 3, 12
15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) .................................................................................................. 2
15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v) ................................................................................ 11

Other Authorities

H.R. Conf. Rep. No. 104-369 )1995), *as reprinted in* 1995 U.S.C.C.A.N. 734 ........................... 12

Proposed Lead Plaintiff Kenneth Downing ("Movant") respectfully submits this Memorandum of Law pursuant to Federal Rule of Civil Procedure 42(a) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Anavex Life Sciences Corporation ("Anavex" or the "Company") stock between June 21, 2021 and January 1, 2024, inclusive (the "Class Period"); (3) approving Movant's selection of the law firm of Berger Montague PC ("Berger Montague") as Lead Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

The complaints filed in the Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of investors of Anavex securities during the Class Period against Anavex and Christopher U. Missling, the Company's Chief Executive Officer (collectively, the "Defendants"). Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who purchased or acquired Anavex securities during the Class Period, and who were damaged thereby (the "Class").[1]

As an initial matter, Movant respectfully requests that the Court consolidate the Related Actions, as prescribed by Fed. R. Civ. P. 42. As the complaints in both cases allege substantially similar claims against identical defendants, with substantially overlapping facts and circumstances,

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") A to the Declaration of Radha Nagamani Raghavan ("Raghavan Decl."), submitted concurrently herewith. All exhibit references are to the Raghavan Decl.

1

consolidation of the Related Actions under Rule 42 is appropriate.

Following consolidation, the PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant purchased 24,000 shares of Avanex stock during the Class Period, with a total Class Period expenditure of approximately $399,623.22, and suffered a Class Period investment loss of approximately $216,243.88 on a last-in-first-out ("LIFO") basis, or $255,806.08 on a first-in-first-out basis, for claims arising under the Exchange Act. *See* Ex. B. Movant thus not only has a substantial financial interest in this litigation, but he also has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws. Movant is, therefore, the "most adequate plaintiff" under the PSLRA. *See* Section II.B.2, *infra*.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (1) Movant's claims arise from the same course of events as those of the other Class members, (2) Movant relies on similar legal theories to prove Defendants' liability, and (3) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims. *See* Section II.B.3, *infra*.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his

selection of the law firm of Berger Montague as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Proposed Lead Counsel has decades worth of experience representing investors in shareholder litigation and securities class actions, including extensively in this District, and has the expertise and resources necessary to handle this complex litigation. *See* Section III, *infra*.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel.

## FACTUAL BACKGROUND[2]

Anavex is a clinical stage biopharmaceutical company that engages in the development of therapeutics for the treatment of central nervous system ("CNS") disorders. The Company's lead product candidate is blarcamesine, known as ANAVEX 2-73, which is intended to modify specific genetic pathways associated with some CNS disorders. Anavex has sponsored several research studies concerning blarcamesine's suitability to treat various CNS disorders, and the drug is undergoing clinical trials for the treatment of Alzheimer's disease and Parkinson's disease, as well as rare diseases, such as Rett syndrome, a rare severe neurological monogenic disorder primarily affecting females.

Prior to the start of the Class Period,[3] Anavex sponsored the AVATAR Phase II and III ("AVATAR") clinical trials which tested ANAVEX 2-73 as a treatment for adults with Rett

---

[2] The factual allegations are derived from the complaint filed in *Downing v. Anavex Life Sciences Corporation, et al.*, No. 24-cv- 03529 (S.D.N.Y.) ("*Downing*"), which alleges the broadest and most inclusive class period.

[3] The *Blum* action alleges a class period of February 1, 2022 through January 1, 2024, while the *Downing* action alleges a class period of June 21, 2021 through January 1, 2024. For purposes of this Motion, the broadest and most inclusive alleged class period – here, the class period alleged in *Downing* – is used. *See Ragan v. AppHarvest, Inc.*, No. 21-cv-7985 (LJL), 2021 WL 5909116,

3

syndrome. According to the study protocol Defendants posted on "clinicaltrials.gov" ("ClinicalTrials"), an FDA-sponsored online resource for pertinent information about pharmaceutical trial research protocols – a website where trial information is updated routinely – Anavex intended to use several "Primary Outcome Measures" and "Secondary Outcome Measures" to evaluate AVATAR's efficacy and overall clinical benefit.

The Class Period commences on June 21, 2021, when Anavex announced "convincing biomarker correlating efficacy data" for the AVATAR study. In a press release entitled "Anavex Life Sciences Announces ANAVEX®2-73 (Blarcamesine) Biomarker Correlated with Efficacy Endpoints in Placebo-Controlled U.S. Phase 2 Clinical Trial for the Treatment of Adult Patients with Rett Syndrome," the Company reported "strong and consistent data demonstrating biomarker-correlated rapid and clinically meaningful improvement in key measures of Rett syndrome symptoms in the Anavex 2-73 treatment group compared to placebo."

Throughout the AVATAR study, Defendants represented that Anavex would use certain primary and secondary research outcomes for its testing of ANAVEX 2-73 as a treatment for Rett syndrome in adults. These research outcomes, or endpoints, were listed on the ClinicalTrials website, where Anavex routinely updated the status of the study.

The complaint alleges that investors began to learn the truth about Defendants' manipulation of the endpoints for the AVATAR trial on February 1, 2022, when the Company issued a press release announcing, "AVATAR Phase 3 Trial met Primary and Secondary Efficacy Endpoints." The Company also filed a Form 8-K presentation on February 1, 2022 that described the AVATAR results and revealed the RSBQ scores were "anchor-based," using CGI-I scores as

---

at *7 (S.D.N.Y. Dec. 13, 2021) ("Where there are two potential class periods, courts addressing lead plaintiff motions generally apply the longer class period.") (citing *Lucas v. United States Oil Fund, LP*, No. 20-cv-4740 (PGG), 2020 WL 5549719, at *4 (S.D.N.Y. Sept. 16, 2020)).

an anchor. In the presentation, the Company failed to note it previously described the RSBQ as the "more rigorous endpoint" and that it did not want to "over-emphasize" the CGI-I.

Despite the Company announcing its "positive" news about AVATAR, shares lost ground, falling from a closing price of $13.08 per share on January 31, 2022 to a closing price of $10.55 per share on February 2, 2022 over two trading days – a decline of $2.53 per share, or more than 19% – on abnormally high volume.

Nevertheless, Defendants continued to mislead investors regarding the outcome measures for its testing of ANAVEX 2-73 on patients suffering from Rett syndrome, including in the Company's EXCELLENCE trial, which tested ANAVEX 2-73 on pediatric Rett syndrome patients.

Then, on January 2, 2024, the Company issued a press release announcing, "Topline Results from Phase 2/3 EXCELLENCE Clinical Study in Pediatric Rett Syndrome." The Company used a "mixed-effect model for repeated measure (MMRM)" method for analyzing improvement on the RSBQ for ANAVEX 2-73-treated patients versus those on placebo. Of the various MMRM statistics reported result, one reached statistical significance – "ANAVEX 2-73-treated patients demonstrated a rapid onset of action with improvements at 4 weeks after treatment with a RSBQ total score LS Mean (SE) -10.32 (2.086) points in the drug-treated group compared to a LS Mean (SE) -5.67 (2.413) points in placebo-treated patients."

The MMRM method was not used in the AVATAR study nor was an LS Mean score reported in AVATAR. The RSBQ AUC was not reported in EXCELLENCE though it had been reported in AVATAR. Further, an anchor-based RSBQ using the CGI-I was not reported in EXCELLENCE though it had been reported in AVATAR. Nonetheless, the Company blamed any perceived deficiencies in the EXCELLENCE study on "large placebo effect which may have

5

masked the compound's therapeutic effect," according to the press release. The Company offered no evidence to support that claim.

Following the Company's release of the EXCELLENCE results, Anavex shares tumbled, falling from $9.31 per share on December 29, 2023 to $6.05 on January 2, 2024.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42 is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Each of the Related Actions presents substantially similar factual and legal issues, as they both allege violations of the Exchange Act, present the same or similar theories for recovery, and are based on the same allegedly wrongful course of conduct. Specifically, each action asserts that Defendants made materially false and misleading statements or omissions regarding the primary and secondary endpoints by which the Company evaluated blarcamesine as a treatment for Rett syndrome, both in adults and children, in Anavex's clinical trials. As such, the Related Actions present virtually identical factual and legal issues during substantially overlapping class periods, and name identical defendants.

Because these Related Actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Rule 42 is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that he should be appointed Lead Plaintiff because he filed

6

the instant Motion in a timely manner, has a substantial—if not the largest—financial interest in this litigation under the Exchange Act claims, and satisfies the typicality and adequacy requirements of Rule 23. Moreover, he is the Plaintiff in one of the two Related Actions.

### A. The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Movant both filed a complaint *and* timely filed a lead plaintiff motion. This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, Case No. 17-cv-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018).

Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Movant Is The "Most Adequate Plaintiff"

#### 1. Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action, *Blum v. Anavex Life Sciences Corporation, et al.*, No. 1:24-cv-01910 (S.D.N.Y.), properly caused notice regarding the pending nature of the case to be published on *Globe Newswire,* a widely circulated, business-oriented news wire service, on March 13, 2024. *See* Ex. C. The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before May 13, 2024. Movant filed this Motion seeking appointment as Lead Plaintiff within this prescribed period of time and thus has satisfied the procedural requirements of the PSLRA.

#### 2. Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, Case No. 05-CV-9883-JFK, 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).[4]

---

[4] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, Case No. 21-cv-3299 (JPC), 2021 WL 5847647, at *2 (S.D.N.Y.

Movant has suffered a loss of approximately $216,243.88 on a LIFO basis for claims arising under the Exchange Act. *See* Ex. B; *see also Bishins v. CleanSpark, Inc.*, No. 21-cv-511 (LAP), 2021 WL 5741574, at *3 n.2 (S.D.N.Y. Dec. 2, 2021) (finding movant with largest total loss under the LIFO methodology was "the largest stakeholder in this litigation"). Movant is not aware of any other Class member with a larger interest in this litigation. Accordingly, having a substantial financial interest in the outcome of the litigation, Movant is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, Case No. 15-CV-7759-LAK, 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3. Movant Satisfies Rule 23's Typicality And Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See In re Third Ave. Mgmt. LLC Sec. Litig.*, Case No. 16-CV-02758-PKC, 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432 (GHW), 2022 WL

---

Dec. 9, 2021). Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, Case No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citation omitted) (internal quotation marks omitted); *see also Silverberg v. Dryships Inc.*, Case No. 17-cv-4547, 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018) ("Courts generally consider those factors to be 'properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.'") (quoting *Richman v. Goldman Sachs Grp.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011).

17539172, at *3 (S.D.N.Y. Dec. 8, 2022) ("the Court considers only whether the proposed plaintiff has made a preliminary showing that two of Rule 23's requirements–typicality and adequacy–are satisfied."). Here, Movant satisfies both requirements.

### a. Movant's Claims Are Typical Of Those Of The Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, Case No. 13-cv-06922-AJN, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of the federal securities laws, Defendants, among other things, misled investors about the primary and secondary endpoints by which the Company evaluated blarcamesine as a treatment for Rett syndrome, both in adults and children, in Anavex's clinical trials. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b. Movant Satisfies The Adequacy Requirement Of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District have held that:

> [t]he adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy.

*In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has the resources and motivation sufficient to pursue a class action to a successful conclusion and is committed to prosecuting the claims on behalf of Anavex investors. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. Movant is sixty-five years old and resides in Santa Monica, California. He is employed as a real estate property manager and has been investing in equities for approximately twenty-five years. Movant incurred substantial losses in his Anavex investment during the Class Period and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Berger Montague, as proposed Lead Counsel. Berger Montague has an extensive record of successfully prosecuting securities class actions vigorously and efficiently, both within this District and beyond. *See* Section III, *infra*. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Anavex investors here.

### III.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors. *See* Ex. D.

In light of the foregoing, by approving Movant's selection of the law firm of Berger Montague as Lead Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court grant his Motion and enter an Order of the following: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff on behalf of a Class consisting of all persons other than Defendants who purchased or otherwise acquired Anavex stock during the Class Period; (3) approving Movant's selection of the law firm of Berger Montague as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: May 13, 2024

Respectfully submitted,

**BERGER MONTAGUE PC**

/s/ *Radha Nagamani Raghavan*
Radha Nagamani Raghavan
Michael Dell'Angelo
Andrew D. Abramowitz
James A. Maro
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: rraghavan@bm.net
         mdellangelo@bm.net
         aabramowitz@bm.net
         jmaro@bm.net

*Counsel for Lead Plaintiff Movant Kenneth Downing and Proposed Lead Counsel for the Class*

**SCHALL LAW FIRM**
Brian Schall
Rina Restaino
Brian England
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Email: brian@schallfirm.com
         rina@schallfirm.com
         briane@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Kenneth Downing*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Radha Nagamani Raghavan*
Radha Nagamani Raghavan